**U.S. Department of Justice**

*Eastern District of Louisiana*
*United States Attorney*

---

*Carter K. D. Guice, Jr.*
*Assistant United States Attorney*
*www.carter.guice@usdoj.gov*

*Hale Boggs Federal Building*
*500 Poydras Street, Suite B210*
*New Orleans, LA 70130*

*Telephone: (504) 680-3072*
*Fax #0(504) 589-4504*

September 13, 2006

Honorable Martin L. C. Feldman
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130


    Re:    United States v. Rene Monroe Lasalle
             Criminal Docket No. 06-259 "F"

Dear Judge Feldman:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Rene Monroe Lasalle, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Mark Mansfield, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant has been charged by a Bill of Information charging a violation of Title 18, United States Code, Section 1001, relative to making a false statement to to the Federal Emergency Management Agency (FEMA) in order to receive Expedited Assistance funds after Hurricane Katrina. The defendant will not be charged with any false statements or obstruction of justice concerning drug testing with Pretrial Services.

    The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is five years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction or his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his conviction or his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that he may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant further understands that he will not receive "acceptance of responsibility" points off due to his drug testing issues with Pretrial Services. Further, the defendant will receive credit for time served as calculated by the United States Probation Service.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
Carter K. D. Guice, Jr.
Assistant United States Attorney


_____
Mark Mansfield
Attorney for the Defendant (Date)


_____
Rene Monroe Lasalle
Defendant                    (Date)